UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

RENATO JAY SCANTLEBURY,    )   CASE NO. 4:12 CV2736
                           )
    Petitioner,            )   JUDGE DAN AARON POLSTER
                           )
  v.                       )
                           )   MEMORANDUM OF OPINION
                           )   AND ORDER
UNITED STATES OF AMERICA,  )
                           )
    Respondent.            )

*Pro se* Petitioner Renato Jay Scantlebury filed the above-captioned petition for writ of habeas corpus pursuant 28 U.S.C. §2241 (ECF No. 1). Scantlebury, who is incarcerated in the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), names the United States of America as Respondent. He asserts he is entitled to habeas relief from this Court because he is actually innocent of the crime to which he pleaded guilty. For the reasons set forth below, this action is dismissed.

*Background*[1]

Scantlebury was indicted in the United States District Court for the Eastern District of North Carolina on September 9, 2009. *See United States v. Scantlebury*, No. 5:09-cr-254 (E.D. N.C. 2009). A grand jury returned a superceding indictment on January 6, 2010, charging Scantlebury with using counterfeit devices in violation of 18 U.S.C. § 1029(a)(5) (count one) and aggravated identity theft (count two) in violation of 18 U.S.C. § 1028A(a)(1). *Id.* at Doc. No. 22. Pursuant to a written agreement with the government, Scantlebury pleaded guilty on March 12, 2010 to using counterfeit access devices and aggravated identity theft. On

---

[1] To accurately address the procedural history, the docket of Scantlebury's criminal case was accessed through the Public Access to Court Electronic Records (PACER) system.

September 8, 2010, he was sentenced to 30 months in prison for count one, along with a consecutive term of 24 months on count two. *Id*. at Doc. Nos. 45 & 46. Consistent with the terms of the plea agreement, Scantlebury did not appeal his conviction. The Bureau of Prisons website indicates he is scheduled for release from prison on September 21, 2021. *See* http://www.bop.gov/iloc2/

On December 28, 2010, Scantlebury filed an unsigned Motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. § 2255 in the Eastern District Court of North Carolina. *See Scantlebury vs. United States*, No. 5:10-cv-00590 (E.D. NC).[2] He complains that he supplemented the Motion with issues regarding his actual innocence on October 15, 2011, but the trial court has yet to rule on the pleading. For this reason, he asserts his remedy under 28 U.S.C. § 2255 is inadequate and he is entitled to habeas relief from this Court.

*Discussion*

Scantlebury asserts he was denied effective counsel when he agreed to plead guilty. He claims he was not aware of what elements constituted an offense under 18 U.S.C. § 1028(A)(1). Moreover, Scantlebury maintains that his trial counsel, the Unites States attorney, probation department and, eventually, the trial judge all ill-advised him that his conduct violated the statute. He claims he pleaded guilty to aggravated identity theft based on the fact that he obtained credit card numbers from unknown sources and re-encoded the credit card numbers under several aliases. When the Supreme Court issued its *Flores-Figueroa v. United States*, 556 U.S. 646 (2009) opinion, however, Scattlebury argues his guilty plea was rendered invalid.

In *Flores-Figueroa*, the Supreme Court determined that "in order to convict [a] defendant of aggravated identity theft for knowingly transferring, possessing, or using, without lawful authority, a means of identification of another person, the government must prove that [the] defendant knew that the means of identification he or she unlawfully transferred, possessed, or

---

[2]While Scantlebury states he filed a signed copy on April 5, 2011, the docket reflects that a signed copy of the Motion to Vacate was filed on April 11, 2011.

-2-

used did, in fact, belong to another person." *Id.*, 556 U.S. at 647-48. Scantlebury argues his lawyer was unaware of this standard and, thus, provided ineffective assistance of counsel. Had he known all the critical elements of his offense, Scantlebury asserts he never would have pleaded guilty to the crime.

Scantlebury now maintains the trial court's continued delay in ruling on his motion to vacate has rendered his remedy under § 2255 inadequate and ineffective. As such, he believes he is entitled to habeas relief from this Court under the safety valve provisions of 28 U.S.C. §2241.

*Initial Review*

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)(citations omitted). Scantlebury has not met his burden.

*28 U.S.C. § 2241*

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 addresses any petitioner's claim that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is directed "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495. While this Court does have personal jurisdiction over Scantlebury's custodian, the warden at F.C.I. Elkton,

he is not entitled to habeas relief from this Court.

*28 U.S.C. § 2255*
*Relief Not Inadequate or Ineffective*

By filing a Motion to Vacate pursuant to 28 U.S.C. § 2255 in the sentencing court, Scantlebury demonstrated his awareness that claims seeking to challenge a conviction or the imposition of a sentence must be filed in the sentencing court under § 2255. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). It is only when it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of [a prisoner's] . . . detention," *United States v. Hayman*, 342 U.S. 205, 223 (1952), that a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence. *See In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997).

The terms "inadequate or ineffective" raise a high bar for any prisoner to overcome when he claims he cannot attack his sentence under § 2255. As a matter of law, section 2255 is not considered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Further, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

Scantlebury argues the trial court's inordinate delay in reviewing his Motion to Vacate entitles him to ask this Court to intervene and declare his innocence. This assertion not only fails to establish that his §2255 remedy is inadequate or ineffective, but a review of the docket in the Eastern District Court of North Carolina reveals that the basis for his underlying argument is moot.

On October 30, 2012, Chief Judge James C. Dever III issued an Order granting the government's Motion to Dismiss in opposition to Scantlebury's Motion to Vacate. *See Scantelbury*, No. 5:09-cr-00254 (5:10CV590) at Doc. No. 72. The Order dismissed and, in the alternative, denied both Scantlebury's Motion to Vacate on the merits and a Certificate of Appealability. *See id.* Scantlebury filed a pending Notice of Appeal in the United States Court of Appeals for the Fourth Circuit on November 20, 2012. *See Scantlebury v. United States*, No. 12-7984 (4th Cir. 2012). A request to set aside or vacate Scantlebury's sentence was denied on the merits by Chief Judge Dever on October 30, 2012. Therefore, his identical request before this Court, through a petition for writ of habeas corpus, is rendered moot.

*Conclusion*

Based on the foregoing, the Petition for writ of habeas corpus is **dismissed as moot** pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/Dan Aaron Polster 1/9/13*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE